

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Greer v. Ct Comm York

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Greer v. Ct Comm York" (2007). *2007 Decisions.* Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-78                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3033
_____

HORATIO O. GREER,

Appellant

v.

COURT OF COMMON PLEAS OF YORK COUNTY, PA;
YORK COUNTY OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01051)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2007

Before:  SLOVITER, FISHER AND HARDIMAN, <u>CIRCUIT JUDGES</u>

(Opinion filed:  December 20, 2007)

_____

OPINION

_____

PER CURIAM

Horatio O. Greer, proceeding pro se, appeals the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Greer filed the underlying complaint against York County and the York County Court of Common Pleas in the United States District Court for the Middle District of Pennsylvania, alleging that his civil rights were violated when he appeared in the York County Court of Common Pleas for a contempt hearing before Judge Sheryl Ann Dorney. According to Greer, Judge Dorney was rude and disrespectful to him during the proceedings, and sentenced him unfairly in comparison to the other litigants in the courtroom that he observed being sentenced that day. As relief, Greer requested $7.7 million in damages, release from prison on his own recognizance, and that the District Court remove Judge Dorney from the bench.

The District Court granted Greer's motion to proceed in forma pauperis, and then dismissed Greer's complaint pursuant to 28 U.S.C. § 1915(e). The Court first noted that it has previously dismissed a complaint filed by Greer against Judge Dorney based on essentially the same allegations for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and on immunity grounds pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court then dismissed the instant complaint, holding that the Court of Common Pleas

2

is immune from suit under the Eleventh Amendment, see Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238-41 (3d Cir. 2005) (holding that all components of unified state judicial system are entitled to Eleventh Amendment immunity), and is not a "person" subject to suit under 42 U.S.C. § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 69-70 (1989) (holding that States or governmental entities considered "arms of the State" are not considered "persons" under § 1983), and that Greer had failed to state a claim against York County. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (holding that municipality may be liable under § 1983 only when its policy or custom causes the constitutional violation).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the reasons given by the District Court, we agree that Greer's complaint cannot withstand scrutiny under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii). Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Greer's motions for the appointment of counsel are denied.